UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Cortez Beacham,                                              Case No. 20-cv-727 (WMW/LIB)

    Plaintiff,

v.                                                                     **REPORT AND RECOMMENDATION**

Planet Home Lending, et al.,

    Defendants.

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff Cortez Beacham has filed a document that has been docketed by the Clerk of Court as a notice of removal from a civil action commenced in state court. (See, [Docket No. 1]).[1] Beacham, however, is the plaintiff in the state court action referenced in the document labeled as a notice of removal. See, Beacham v. Sayer, No. 73-CV-19-9545 (Minn. Dist. Ct.). Generally, only the *defendants* may remove an action from state court to federal court. See, 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Beacham cannot remove his own state-court lawsuit to federal court. See, Id.

Construing his filings in his favor, however, it does not appear that Beacham intended for the document that commenced this action to be interpreted as a notice of removal. The words

---

[1] The document filed by Beacham was likely construed by the Clerk of Court's office as a Notice of Removal because Beacham attached a copy of his state court complaint as an exhibit in the present action.

"notice of removal" do not appear on the document, which is instead labeled as a "Statement of Claim and Summons." (See, [Docket No. 1]). Moreover, the claims raised in the "Statement," [Docket No. 1], differ from the claims raised in the state court action. (See, Compl. [Docket No. 1-1]).[2] Accordingly, it ostensibly appears Beacham intended to initiate this action by filing a complaint rather than a notice of removal.

Nevertheless, this Court recommends dismissal of this action. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two types of subject matter jurisdiction: federal question and diversity of citizenship. See, 28 U.S.C. § 1331; 28 U.S.C. § 1332. Under § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between—(1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332.

In the present case, Beacham has not, as required by Federal Rule of Civil Procedure 8(a)(1), pleaded a basis for this Court's jurisdiction. Moreover, even liberally construing Plaintiff's pleadings, no basis for jurisdiction is apparent to the Court.

The only grounds for relief alleged are brought pursuant to state law rather than federal law; accordingly, 28 U.S.C. § 1331 does not provide a basis for jurisdiction. Moreover, the parties

---

[2] Beacham's state court action appears to seek to declare ownership of certain real property based on the doctrine of adverse possession.

2

do not appear to be of diverse citizenship;[3] accordingly, 28 U.S.C. § 1332(a) cannot provide a basis for jurisdiction, either.[4]

Thus, the Court recommends that this action be dismissed without prejudice. Based on this recommendation of dismissal, the Court further recommends that Beacham's pending application to proceed in forma pauperis, [Docket No. 2], be denied as moot.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** for lack of subject-matter jurisdiction; and

2. Beacham's application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**.


Dated: April 23, 2020                           s/Leo I. Brisbois
                                                Hon. Leo I. Brisbois
                                                United States Magistrate Judge

---

[3] Only two Defendants—Planet Home Lending and MERS—are listed on Beacham's "Statement of the Claim," but Beacham alleges in that statement that "there are . . . more than two defendants" and that the identity of the other individuals is listed in another document. (See, [Docket No. 1]). Among the exhibits filed by Beacham is a document listing Planet Home Lending, Dan Miller, and Brian Sayer as Defendants. (See, Attachments, [Docket No. 1-2], at 72). In that document, Beacham and Miller are each alleged to be residents—and therefore, more than likely, citizens—of Minnesota. (Id. at 72, 75). Beacham fails to allege that each of the individual Defendants is a citizen of a state other than the state of which he is a citizen.

[4] Additionally, regarding the requirement that the amount in controversy exceed $75,000 in damages, Beacham can only seek relief more than $75,000 in damages in this action by relying upon a show-me-the-note claim that has repeatedly been deemed frivolous under Minnesota law. See, Welk v. GMAC Mortgage, LLC, 850 F. Supp. 2d 976, 980–81 (D. Minn. 2012). Beacham's remaining claim—for damage to a door frame—would not plausibly entitle him to more than $75,000 in damages, as required by § 1332(a) for jurisdiction on the basis of diversity of citizenship.

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).